```
               UNITED STATES DISTRICT COURT
                SOUTHERN DISTRICT OF OHIO
                     WESTERN DIVISION
```

ANTHONY DEATON,                 :    NO. 1:10-CV-00461
                                :
       Plaintiff,               :
                                :
   v.                           :    **OPINION AND ORDER**
                                :
MICHAEL J. ASTRUE,              :
Commissioner of Social          :
Security,                       :
                                :
       Defendant.               :

This matter is before the Court on the Magistrate Judge's July 7, 2011 Report and Recommendation (doc. 17), and Plaintiff's Objections (doc. 19). For the reasons indicated herein, the Court AFFIRMS the Magistrate Judge's Recommended Decision, ADOPTS the Magistrate Judges' Report and Recommendation in all respects, FINDS the ALJ's non-disability finding supported by substantial evidence, and DIRECTS the clerk to close this case on the Court's docket.

**I. Background**

This disability benefits appeal concerns Plaintiff's September 25, 2002 applications for Supplemental Security Income (SSI) and Disability Insurance Benefits (DIB), alleging a disability onset date of March 20, 2001, due to mental problems, major back problems, and a herniated disk (doc. 17). Upon denial of his application initially and upon reconsideration, Plaintiff requested and received a hearing de novo before Administrative Law Judge (ALJ) Melvin Padilla, who also found Plaintiff not disabled

(Id.).   However, on December 14, 2007, the Appeals Counsel remanded the matter to the ALJ, stating that the ALJ's decision was unclear as to the severity of Plaintiff's substance abuse disorder (Id.).  The ALJ held a second evidentiary hearing at which the ALJ heard testimony from Plaintiff, independent medical expert Mary E. Buban, Psy.D, and vocational expert Suman Srinivasan (Id.).  After such hearing the ALJ issued a second decision denying Plaintiff's applications (Id.).  The Appeals Council denied Plaintiff's second request for review, such that ALJ Padilla's Findings became the final determination of the Commissioner (Id.).

       The ALJ's findings are summarized in the record (Id.). Essentially, Plaintiff has not engaged in substantial gainful activity since March 20, 2001, due to the following severe impairments: depressive disorder, history of polysubstance abuse (drug of choice, crack cocaine) in reported remission since mid-July 2006; lumbar degenerative disc disease; right hip necrosis; and bilateral carpal tunnel syndrome (Id.).  Despite such impairments, the ALJ found Plaintiff did not have an impairment or combination of impairments meeting or medically equaling one of the impairments in the Listings (Id.).

       The ALJ considered the entire record and found that Plaintiff had a residual functional capacity ("RFC") to lift up to twenty pounds occasionally and ten pounds occasionally; he must have the option to alternative positions every fifteen to twenty

minutes; he must avoid overhead reaching; repetitive grasping and reaching; climbing ladders, scaffolds or working at unprotected heights; balancing or crawling; more than occasional pushing/pulling, climbing stairs, stooping, or crouching; and he is limited to simple repetitive tasks; low stress jobs with no dealing with the public, minimal and superficial contacts with supervisorss and coworkers, including no teamwork, no production quotas or fast-paced jobs; and no jobs in contact with drugs as part of his job duties (Id.). The ALJ therefore found Plaintiff "limited to a reduced range of light work" (Id.).

After considering that Plaintiff could not perform any past relevant work, the ALJ considered Plaintiff's background and age, and concluded there are nontheless jobs in the national economy that Plaintiff could perform since July 19, 2006 (Id.). The ALJ found that prior to such date, Plaintiff had indeed been under a disability due to substance abuse and depression meeting or equaling listing-level severity (Id.). However the ALJ found medical improvement since Plaintiff stopped using drugs, particularly crack cocaine, such that Plaintiff could perform a significant number of jobs (Id.). As such, the ALJ found Plaintiff not under disability, and not entitled to SSI or DIB (Id.).

Plaintiff subsequently appealed to this Court, under the theories that ALJ Padilla erred by 1) presenting a hypothetical question to the vocational expert that did not include all the

3

limitations the ALJ ultimately found; and 2) by improperly assessing Plaintiff's residual functional capacity (Id.). The Magistrate Judge has reviewed Plaintiff's theories and has recommended that the Court find the ALJ's decision supported by substantial evidence and within his "zone of choice," and therefore deny Plaintiff the benefits he seeks (doc. 17). Plaintiff has filed his Objections to the Magistrate Judge's Report and Recommendation (doc. 19), such that this matter is ripe for the Court's review.

**II. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge reviewed each of Plaintiff's claims to determine whether the ALJ's findings of non-disability were supported by substantial evidence, that is, "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion" (doc. 17, citing 42 U.S.C. § 405(g), Richardson v. Perales, 402 U.S. 389, 401 (1971)). In conducting her review, the Magistrate Judge noted that so long as substantial evidence supports the ALJ's denial of benefits, such finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled (Id. citing Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994)).

The Magistrate Judge first addressed Plaintiff's argument that the ALJ rejected the opinions of the treating and examining physician opinions (Id.). The Magistrate Judge found however that

4

ALJ Padilla specified that he relied on the treating physician opinions that were supported by objective medical evidence, as well as the findings of Drs. Ray, Norris, West, and Berger (Id.). The Magistrate Judge found that Dr. Ray's review of Plaintiff's history, medical records, physical examination, and x-ray study, all objective evidence, supported the ALJ's RFC (Id.). The Magistrate Judge also found that Dr. Norris' review of the same record resulted in the conclusion that Plaintiff could perform light work so long as he could periodically alternate sitting and standing (Id.). As for Drs. West and Berger, the Magistrate Judge noted their neurological examination findings both supported the conclusion that Plaintiff could perform light work with accommodations (Id.). In summary, the Magistrate Judge found the ALJ relied on substantial and objective medical evidence in arriving at Plaintiff's RFC, which is very similar to that of Dr. Norris, and includes elements from the assessments of Drs. Ray, West, and Berger (Id.).

The Magistrate Judge noted that the ALJ rejected the opinion of Dr. Elizabeth Dorriot, Plaintiff's treating family physician, because her assessment that Plaintiff had severe limitations was "grossly out of proportion with the record" (Id.). In rejecting Dr. Dorriot's opinion, the ALJ noted that Dr. Dorriot provided no treatment or medical records, and that Plaintiff engaged in drug-seeking behavior during his treatment with Dr.

Dorriot (Id.). Moreover, the ALJ noted that Dr. Dorriot is not a specialist in orthopedic or neurological disorders, and lacked a close treatment relationship with Plaintiff (Id.). The Magistrate Judge opined therefore under the controlling regulations, 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), Dr. Dorriot's opinion was not entitled to controlling weight (Id.). Similarly, the Magistrate Judge rejected Dr. Kaiser's opinion that Plaintiff was unable to do even sedentary work. The Magistrate Judge indicated there is no evidence in the record that Dr. Kaiser saw Plaintiff more than one time, and therefore Dr. Kaiser did not qualify as a treating medical source (Id. citing 20 C.F.R. § 404.1527(d)(2)).

Finally, the Magistrate Judge noted that the ALJ properly rejected Dr. Ray's May 16, 2005 evaluation of Plaintiff indicating that Plaintiff could lift no more than ten pounds (Id.). The ALJ found such evaluation was rejected by Dr. Norris as unsupported by objective evidence and only partially credible (Id.). As such, the Magistrate Judge found the ALJ provided good reasons for rejecting Dr. Ray's 2005 assessment of Plaintiff (Id.).

Having reviewed the evidence, the Magistrate Judge found the ALJ's RFC finding was reasonable and supported by substantial evidence in the record, including objective medical evidence and treating physicians' opinions (Id.). In establishing Plaintiff's RFC, the Magistrate Judge found the ALJ rejected or gave reduced weight to some medical opinions in the record, but gave good

6

reasons for doing so, consistent with the regulations (Id., citing 20 C.F.R. §§ 404.1527(d), 416.927(d)).

The Magistrate Judge next addressed Plaintiff's complaint that the ALJ failed to address Plaintiff's obesity when making his RFC finding (Id.). The Magistrate Judge rejected such claim, noting that the ALJ considered Plaintiff's non-severe impairments, including obesity throughout the remaining steps of the sequential benefits analysis (Id.).

As for Plaintiff's contention that the ALJ erred in formulating his mental RFC, The Magistrate Judge found the ALJ had good reasons for rejecting the opinions of Dr. Bishop and instead accepting the opinions of the medical expert ("ME") Buban (Id.). The Magistrate Judge found that no treating relationship had arisen between Dr. Bishop and Plaintiff at the time Dr. Bishop provided his opinion; and that ME Buban's opinion was based on all the pertinent medical evidence (Id.). The Magistrate Judge concluded therefore that the ALJ's reliance on ME Buban was warranted because ME Buban was the only medical source who reviewed the entire record and also considered Plaintiff's testimony during the second administrative hearing (Id.). Accordingly, the Magistrate Judge rejected Plaintiff's position regarding his mental RFC (Id.).

As a final matter, the Magistrate Judge addressed Plaintiff's contention that as a result of the ALJ's improper RFC finding, the hypothetical questions posed to the vocational expert

7

(VE) Srinivasan did not reflect Plaintiff's accurate abilities (Id.). The Magistrate Judge found the hypothetical questions the ALJ asked and the answers he relied on were adequate and proper, because they included Plaintiff's substantial impairments and limitations (Id.). The Magistrate Judge found that the ALJ thoroughly addressed and took into consideration the opinions of Plaintiff's treating and examining physicians, Plaintiff's obesity, and Plaintiff's mental limitations (Id.). As such, the Magistrate Judge found the ALJ included only those limitations in his hypothetical questions that were supported by objective medical evidence in the record (Id.). The Magistrate Judge concluded that Plaintiff has not shown how the ALJ's assessment of his RFC was based on legal error or unsupported by substantial evidence (Id.). As a result, the Magistrate Judge found the VE's testimony regarding a hypothetical person with such limitations and abilities constituted substantial evidence to support the ALJ's conclusion at Step 5 of the sequential analysis (Id.).

For all of the above reasons, the Magistrate Judge recommended the Defendant's decision denying Plaintiff benefits be found to be supported by substantial evidence (Id.). The Magistrate Judge recommended the Court affirm such decision and close this case.

**III. Plaintiff's Response**

Plaintiff responded that the Magistrate Judge failed to

8

consider his argument that VE testimony is not substantial evidence to support the ALJ's decision due to an incomplete hypothetical question (doc. 19).  Specifically, Plaintiff contends the hypothetical question did not match the ALJ's RFC in two respects, 1) that Plaintiff could only lift ten pounds occasionally, and 2) that he could not perform work with any production quotas (Id.). These limitations are important, argues Plaintiff, because the VE was asked instead to consider a person who could lift ten pounds frequently, and a person who was limited to jobs with no strict production quotas (Id.).  In Plaintiff's view, therefore the VE did not consider an accurate summation of Plaintiff's medical limitations and vocational factors, and therefore the VE's testimony of non-disability cannot constitute substantial evidence (Id.).

Plaintiff further responded that the ALJ's RFC determination was in error because it was based on erroneous evaluations of treating physician and other medical source opinions (Id.).  Plaintiff contends that when the ALJ rejected treating physician opinions, he was required to give an indication that he evaluated the examining relationship, treatment relationship, supportability, consistency, and specialization of those offering other opinions (Id. citing 20 C.F.R. § 404.1527(d)).  Plaintiff contends the ALJ failed to show he gave such required evaluation and that this was error (Id.).  Plaintiff contends the Magistrate

9

Judge failed to note such error or that such legal error could serve as the proper basis for a remand (Id.).

Plaintiff further contends the Magistrate Judge failed to recognize that the ALJ rejected many of Dr. Ray's opinions regarding Plaintiff's limitations, when the Magistrate Judge found the ALJ's RFC assessment had support in Dr. Ray's objective findings (Id.). Plaintiff argues the fact that the Magistrate Judge noted that the ALJ's RFC was very similar to Dr. Norris' physical RFC assessment, shows the ALJ's RFC is unsupported by substantial evidence, due to the fact that Dr. Norris was a non-examining state agency physician, who reviewed the record before much of the evidence was on file (Id.). Plaintiff contends the ALJ's interpretation of Dr. West's one-time evaluation was simply a lay interpretation of the medical evidence (Id.). Plaintiff argues the Magistrate Judge failed to state why it was more important to rely on aspects of the opinions of Drs. Ray and Berger rather than the opinions of Dr. Rohira, Dorriot, Reddy, and Kaiser (Id.). Plaintiff contends the ALJ gave inadequate justification to reject Dr. Dorriot's opinion, as the ALJ did not consider the factor of her treatment relationship with Plaintiff (Id.).

Plaintiff reiterates his view that the ALJ failed to properly consider the effect of his obesity (Id.). Plaintiff contends the Magistrate Judge erred in finding his obesity considered by the ALJ in the plural along with other impairments

10

(Id. citing Blankenship v. Bowen, 874 F.2d 1116, 1123-24 (6th Cir. 1989)).

As a final matter, Plaintiff contends the Magistrate Judge erred in agreeing that the treating physician rule did not apply to Dr. Bishop, since Dr. Bishop only saw Plaintiff two times (Id.). Plaintiff argues the ALJ relied instead on the opinion of Dr. Buban "without explanation," and reiterates his position that non-examining physician opinion must be weighed under the same regulatory factors as opinions of treating physicians (Id.). Specifically, Plaintiff contends there is no evidence that the ALJ weighed the supportability, consistency, and specialization of Dr. Buban (Id.).

In summary, Plaintiff argues the ALJ erred in several ways in evaluating Plaintiff's RFC, including errors in his evaluation of treating and examining source opinion, and a failure to address the impact of obesity (Id.). As such, Plaintiff contends at minimum remand is required for a proper evaluation of his ability to function in the workplace (Id.).

**IV. Discussion**

The Court rejects Plaintiff's contentions that the ALJ erred in evaluating his RFC, in weighing the medical opinions, and in failing to address the impact of his obesity. Plaintiff is wrong in his view that the hypothetical question posed to the VE was inaccurate and thus resulted in the erronoeus assessment by the

11

VE that he could work.  In the ALJ's first opinion in this matter, which the ALJ stated later stood unchanged with regard to Plaintiff's physical condition, the ALJ limited Plaintiff to lifting ten pounds "frequently."  Therefore, the ALJ clearly meant to limit Plaintiff to lifting ten pounds "frequently," which he indicated to the VE, and it is harmless error that his written RFC instead used the word "occasionally" (Id.).  Plaintiff also argues that the ALJ committed reversible error in posing his hypothetical because he asked the VE to consider a job with "no strict production quotas," but his RFC finding limited to Plaintiff to work that involved "no production quotas."  The Court finds no significant difference between a restriction against "production quotas," and a restriction against "strict production quotas."  Clearly any reference to a quota means a number that must be met, and so these references are essentially the same in meaning.  There is no error in the hypothetical question posed to the VE that calls into question the ultimate conclusion that Plaintiff can perform a reduced range of light work.

Similarly, the Court rejects Plaintiff's position that the ALJ's RFC determination was in error because it was based on erroneous evaluations of treating physician and other medical source opinions (Id.).  The record shows the ALJ did indeed weigh the opinions of the treating physician, Dr. Dorriot, and rejected it based on the lack of consistency with evidence in the record.

12

The ALJ properly noted that Dr. Dorriot provided <u>no</u> treatment or medical records to support her opinion.  There is nothing to weigh when there are no records in support of an opinion.  With no records, the ALJ cannot accurately ascertain the nature or duration of the treatment relationship, factors which Plaintiff complains the ALJ failed to weigh.

  Next, Plaintiff suggests twice in his Objections that the ALJ is charged with considering the examining relationship, treatment relationship (including length, nature, and extent of the treatment relationships), supportability, consistency, and specialization of all the medical sources and experts opining on his condition.  Plaintiff's view overstates the ALJ's responsibility in evaluating medical evidence.  The regulations provide a framework for evaluation of all evidence, clearly favoring the opinions of treating physicians over those of non-examining medical sources and experts.  20 C.F.R. 404.1527(d).  The opinions of non-examining consultants are only given weight insofar as they are supported by evidence in the case record.  Social Security Ruling 96-p.  When a treating physician's opinion is rejected, as here, as unsupported, it is only proper for the ALJ to consider and weigh the opinions of other medical sources.  Plaintiff appears to complain that the ALJ here did not spell out the examining relationship and treating relationships of these other medical sources, and experts, when, by definition such

13

sources do not have an ongoing treatment relationship, or any relationship at all, with the Claimant. 20 C.F.R. 404.1502, 416.902. The Court finds no error in the ALJ's weighing of the opinions of the medical sources here, as it is clear that he provided a basis for rejecting the opinions he rejected and for accepting those he accepted, as supported by evidence.

Plaintiff next contends the Magistrate Judge failed to recognize the ALJ rejected many of Dr. Ray's opinions regarding his limitations, while at the same time finding the ALJ's RFC assessment had support in Dr. Ray's objective findings. The Court finds no inconsistency in the fact that parts of opinions of any medical source might be used to support or reject an ultimate conclusion. For exactly such reason, all evidence is weighed in the light of objective evidence, and in relation to the entire record. The Court finds no error in the ALJ's evaluation of Dr. Ray's opinion, and the fact that the ALJ's RFC assessment has support in Dr. Ray's objective findings only bolsters the conclusion that the assessment was properly completed. For this same reason, the Court rejects Plaintiff's contention that the ALJ failed to articulate reasons why he relied on certain aspects of the opinions of Drs. Ray and Berger rather than the opinions of Dr. Rohira, Dorriot, Reddy, and Kaiser. Again, the Court finds the ALJ weighed objective evidence and arrived at an accurate RFC.

Plaintiff critiques the ALJ's reliance on the opinion of

Dr. Norris, a non-examining state agency physician, as misplaced. However, the evidence shows Dr. Norris reviewed the same objective evidence before Dr. Ray, in coming to his conclusion. The Court finds no error in the ALJ's reliance on Dr. Norris' opinion that Plaintiff could perform light work so long as he could periodically alternate sitting and standing (Id.).

The Court rejects Plaintiff's contention that the Magistrate Judge erred in finding his obesity considered by the ALJ in the plural along with other impairments. As noted in Blankenship v. Bowen, 874 F.2d 1116, 1123-24 (6th Cir. 1989), 42 U.S.C. § 423(d)(2)(B) requires consideration of the combined effect of all of an individual's impairments. The Court sees no real issue that the ALJ failed to take into consideration Plaintiff's obesity along with Plaintiff's other impairments.

Finally, Plaintiff argues the ALJ relied on the opinion of Dr. Buban "without explanation," and erred in finding that Dr. Bishop did not qualify as a treating physician. However, the record shows the ALJ relied on Dr. Buban because his opinion was based on all the pertinent medical evidence and because he was the only medical source who reviewed the entire record and considered Plaintiff's testimony during the second administrative hearing. The ALJ therefore had a basis to rely on Dr. Buban's opinion. The Court further finds no error in the conclusion that Dr. Bishop, who had only seen Plaintiff once at the time he rendered his opinion,

15

did not qualify as a treating physician after only one consultation.  Even if Dr. Bishop did qualify as a treating physician, the fact that such opinion arose from one consultation shows the ALJ properly accorded it less weight.  20 C.F.R. 404.1527(d)(2)(i).

**V.  Conclusion**

The Court finds the Magistrate Judge's Report complete, thorough and persuasive.  Having reviewed the record, the Court finds well-taken the Magistrate Judge's conclusion that the ALJ's finding of non-disability is supported by substantial evidence. The Court rejects Plaintiff's argument that the ALJ erred in formulating Plaintiff's RFC, in weighing and evaluating the medical evidence, or in addressing his obesity.  The ALJ's findings in this case were therefore supported by substantial evidence and his conclusion denying benefits fell properly within his "zone of choice."  Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994). Finally, the Court sees no basis for a remand, as it is clear from the evidence that Plaintiff has the ability to function in the workplace, limited to a reduced range of light work.

Proper notice was provided to the Parties under Title 28 U.S.C. § 636(b)(1)(c), including the notice that they would waive further appeal if they failed to file an objection to the Magistrate Judge's Report and Recommendation in a timely manner.

16

See United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981).

Accordingly, having reviewed this matter de novo, pursuant to Title 28 U.S.C. § 636, the Court concludes that the Magistrate Judge's findings, as outlined in her Report and Recommendation, are correct.  Therefore, the Court hereby ADOPTS the Report and Recommendation in its entirety (doc. 17), FINDS the Decision of the Commissioner that Plaintiff was not entitled to a period of disability and disability income benefits SUPPORTED BY SUBSTANTIAL EVIDENCE, AFFIRMS such Decision, and as no further matters remain pending for the Court's review, the Court DIRECTS the Clerk to CLOSE this case on the Court's docket.

SO ORDERED.


Date: September 13, 2011   /s/ S. Arthur Spiegel
                           S. Arthur Spiegel
                           United States Senior District Judge